IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **TRUSTEES OF NAT'L AUTO.** | * | |
| **SPRINKLER INDUS. FUND,** *et al.*, | * | |
| **Plaintiffs,** | * | |
| v. | * | Civil Action No.: TDC-16-2639 |
| **SPRINKLER CONTRACTORS, LLC,** | * | |
| **Defendant.** | * | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Entry of Default Judgment (the "Motion") (ECF No. 11) filed by Trustees of the National Automatic Sprinkler Industry Welfare Fund; Trustees of the National Automatic Sprinkler Local 669 UA Education Fund; Trustees of the National Automatic Sprinkler Industry Pension Fund; Trustees of the Sprinkler Industry Supplemental Pension Fund; and Trustees of the International Training Fund (collectively "Plaintiffs" or the "Collective Funds"). Plaintiffs brought this action against Sprinkler Contractors, LLC ("Defendant") under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). ECF No. 1, p. 1. Plaintiffs allege Defendant breached the Collective Bargaining Agreement ("the Agreement") between Defendant and the National Automatic Sprinkler Local 669 ("the Union") and seek to recover contributions due to employee benefit plans under the terms of the Agreement. *Id.* The Clerk entered default against Defendant on October 19, 2016. ECF No. 10. Defendant has not filed a response and the time for doing so has passed. *See* Local Rule 105.2(a) (D. Md.).

Pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, the Honorable Theodore D. Chuang referred this matter to the undersigned for the making of a Report and Recommendation concerning default judgment and/or damages. For the reasons stated herein, I recommend the Court DENY the Motion without prejudice.

I.      **Factual and Procedural Background**

The Collective Funds are multiemployer employee benefit plans as defined in ERISA, 29 U.S.C. § 1002(3). ECF No. 1, p. 2. The Collective Funds are established and maintained according to provisions of the Restated Agreements and Declarations of Trust establishing the Collective Funds and the Agreement between the Union and Defendant. *Id.* The Agreement established the terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by Defendant. *Id.*

Pursuant to the Agreement, Defendant agreed to pay the Collective Funds certain sums of money for each hour worked by Defendant's employees. *Id.* at 3. However, Defendant failed to make the required contributions to the Collective Funds for the period of April 2013 through March 2016 in the amount of $518,064.00. *Id.*

Plaintiffs filed a Complaint on July 20, 2016, under ERISA, 29 U.S.C. § 1132 and 1145, seeking to recover the required contributions and liquidated damages due to Plaintiffs. ECF No. 1, p. 1. Plaintiffs sought to collect the $518,064.00 of owed contributions, $103,612.80 in liquidated damages, costs, and attorneys' fees. Defendant was served with a copy of the summons and Complaint on August 21, 2016. ECF No. 11-1, p.1. Defendant's time to respond expired, without reply, on September 12, 2016. *Id.* The Court entered a default judgment against Defendant on October 19, 2016. ECF No. 10.

**II.     Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the Court may enter a default judgment against the defendant pursuant to Rule 55(b)(2). In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). However, "[a] default does not establish liability," but the Court must instead "make an independent determination of the sum to be awarded." 10A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2688, n. 6 (4th ed. 2001); *see also Ryan*, 253 F.3d at 780–81 (holding that acceptance of facts pled by the non-defaulting party "does not necessarily entitle the [party] to the relief sought").

The Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but finds that default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the plaintiff establishes liability, the Court then turns to the determination of damages. Fed. Prac. & Proc. Civ. § 2688, n.6 (4th ed.). In determining damages, the Court cannot accept Plaintiffs' factual allegations as true and must make an independent determination. *See Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a

3

"default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010); *see also Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"). The Court may rely instead on affidavits or documentary evidence of record to determine the appropriate sum. *See, e.g., Monge*, 751 F. Supp. 2d at 794–95 (citing cases in which damages were awarded after a default judgment, and without a hearing, based on affidavits, printouts, invoices, or other documentary evidence).

### III. Discussion

Plaintiffs served their Complaint on Defendant over nine months ago, yet Defendant has failed to plead or otherwise assert a defense. Therefore, the Court deems all of Plaintiffs' factual allegations in the Complaint not pertaining to damages admitted. *See* Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Plaintiffs' Motion was filed on November 28, 2016, and Defendant still did not respond. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See* Fed. R. Civ. P. 55(a)–(b); *see also*, *Park Co. v. Lexington Ins. Co.*, 812 F.2d 894, 895-97 (4th Cir. 1987) (upholding a default judgment when the defendant did not respond

to the plaintiff's complaint, even though the defendant would have had a valid defense had it responded); *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because the defendant had been properly served with the complaint and did not respond, even after the plaintiffs tried repeatedly to contact him); *see also*, *Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment was appropriate because the defendant was "unresponsive for more than a year" after denial of his motion to dismiss, despite being served with the plaintiff's motions for entry of default and default judgment).

For the reasons stated below, it is my recommendation that Plaintiffs be denied default judgment without prejudice. However, if Plaintiffs appropriately cure the deficiencies in the Motion, it is my recommendation that Plaintiffs be granted default judgment. In determining damages, I find that no evidentiary hearing is necessary and instead rely on the declarations and other evidence of record, such as a delinquency calculation analysis and itemization of legal fees and costs, to determine the appropriate sum.

### A. Deficient Documents

I recommend that the Motion be denied without prejudice because the Court does not have reliable documents on which to base its analysis. Plaintiffs have submitted unsigned copies of the Agreement and the Guidelines for Participation in the Sprinkler Industry Trust Funds ("the Guidelines"). ECF Nos. 11-5 and 11-11. Plaintiffs rely heavily on these documents as the basis for the terms Defendant agreed to and has subsequently broken, thus giving rise to this suit. Without the dated signatures of Defendant and Plaintiffs on these documents, the Agreement and the Guidelines are not acceptable evidence that the parties have agreed to be bound to the terms within each document. The Court cannot appropriately deem Defendant to have "agreed" to any

of the terms in those documents as discussed in this opinion. Without proof of Defendant's assent to the terms, Plaintiffs' case has no foundation.

I recommend that the Court give Plaintiffs time to cure these deficiencies and provide fully executed copies of the Agreement and the Guidelines.  If done, I recommend the granting of the Motion for the reasons discussed below.

### B.  Default Judgment

In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability.  *See Ryan,* 253 F.3d at 780–81.  Nevertheless, the Court must determine "whether the well-pleaded allegations . . . support the relief sought in this action." *Id.* at 780.  Plaintiffs' allegation of unpaid contributions supports their cause of action under ERISA, which states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Moreover, where a pension plan prevails in an ERISA action, a court shall award: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages (4) reasonable attorneys' fees and costs; and (5) "such other legal and equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2).

The Supreme Court has found that these sections of ERISA are intended to "provide trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions." *Laborers' Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988).  The Fourth Circuit has likewise found that in an action based on § 515 of ERISA, "a multiemployer plan can enforce, as written, the contribution

requirements found in the controlling documents." *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997).

Under the Agreement, Defendant agreed to pay certain sums for each hour worked by Defendant's employees and covered by the Agreement. ECF No.11-5, p. 30-37. In the event of missed payments, the Guidelines dictate that Defendant must pay liquidated damages as follows:

(1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

(2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

ECF No. 11-11, p. 7. The Guidelines also state that "[w]hen the attorneys become involved in the collection process, the amount owed the Fund will include not only contributions and liquidated damages, but also the Fund's attorneys['] fees, court costs, and interest at the greater of 12% or the highest rate permitted by law." *Id.*

Based on the content found within the Agreement and the Guidelines, it would appear that Plaintiffs' well-pleaded factual allegations support the relief requested. Upon Plaintiffs' submission of appropriately executed copies of the two documents, the Court may rely on the Agreement and the Guidelines as supporting Plaintiffs' allegations.

**C. Damages**

Plaintiffs' Motion asserts that Defendant owes:

a) $518,064.00 past-due contributions to the Collective Funds;

b) $132,466.42 in interest assessed at 12% per annum;

c) $103,612.80 in liquidated damages; and

c) $750.00 in costs and $795.50 in attorneys' fees.

ECF No. 11-12.

In support of their request for delinquent contributions, Plaintiffs submit the declaration of John P. Eger, Assistant Fund Administrator for the Collective Funds.  ECF No. 11-3.  In support of their request for reasonable attorneys' fees and costs, Plaintiffs' counsel Charles W. Gilligan submits a declaration.  ECF No. 11-13.  The representations of both Mr. Eger and Mr. Gilligan appear to be adequate as to the contributions and attorneys' fees and costs owed by Defendant so as to make a hearing unnecessary.  *See Monge*, 751 F. Supp. 2d at 795.  For the reasons enumerated below and as of the date of the Motion, I recommend the Court award judgment in favor of Plaintiffs in the total amount of $755,688.72 when they have remedied the deficiencies in the Motion.

    *a)  Subsequent Past-Due Contributions*

Plaintiffs claim Defendant owes $518,064.00 for past due contributions to the Collective Funds for the months of April 2013 through March 2016.  ECF No. 1, p. 3.  Mr. Eger confirms Defendant owes this amount for those months.  ECF No. 11-1, p.2.  The claimed amount appears a fair estimate of the amount Defendant owes in past-due contributions, and I therefore recommend the Court award Plaintiffs $518,064.00 as claimed.

    *b)  Accrued Interest*

Plaintiffs allege that Defendant owes $132,466.42 in interest assessed April 2013 through March 2016.  Under the Guidelines, Plaintiffs are entitled to interest on any unpaid contributions at 12% per annum.  ECF No. 11-11, p. 5.  In addition, ERISA provides for an award of interest on unpaid contributions "determined by using the rate provided under the plan."  29 U.S.C. § 1132(g)(2).  Thus, after reviewing the evidence of record, I recommend the Court award Plaintiffs their requested amount of $132,466.42 in interest.

*c) Liquidated Damages*

Plaintiffs allege Defendant owes $103,612.80 in liquidated damages. Under ERISA, a prevailing plaintiff is entitled to "liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount [of unpaid contributions] determined by the court." 29 U.S.C. § 1132(g)(2)(C)(ii). Under the collective bargaining agreements:

> If an Employer does not pay the amounts due to the Fund by the due date, that Employer is delinquent and the following, in the discretion of the Trustees, will be added to and become part of the amount due from the Employer: (1) liquidated damages in the amount of ten percent (10%) of the amount due for the month if payment is not received by the due date; an additional five percent (5%) liquidated damages if payment is not received by the first (1st) of the month following the calendar month in which payment was due and an additional five percent (5%) liquidated damages if payment is not received by the fifteenth (15th) day of the month following the calendar month in which payment is due plus interest from the due date to the date of payment at the rate determined by the Trustees which may not exceed the rate provided under Section 6621 of the Internal Revenue Code.

ECF No. 11-6, p.24; ECF No. 11-7, p. 21; ECF No. 11-8, p. 23. Based on these provisions, Eger confirms that Defendant owes Plaintiffs $103,612.80 in liquidated damages. ECF No. 11-1, p. 2. The claimed liquidated damages amount to exactly 20% of the total amount of unpaid contributions, and thus do not violate the 20% cap under ERISA. 29 U.S.C. § 1132(g)(2)(C)(ii). After reviewing the evidence of record, I recommend the Court award Plaintiffs $103,612.80 in liquidated damages as claimed.

*d) Attorneys' Fees and Costs*

Plaintiffs allege Defendant owes $750.00 in costs and $795.50 in attorneys' fees. In an ERISA action, a district court may award costs and reasonable attorneys' fees to either party under 29 U.S.C. § 1132(g)(1), so long as that party has achieved "some degree of success on the merits." *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 634 (4th Cir. 2010) (citing *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 245 (2010) (citation omitted)).

The Supreme Court has established a method, commonly called the "lodestar," for determining a reasonable fee. The starting point in the lodestar calculation is multiplying the number of reasonable hours expended by a reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The Court has endorsed a list of twelve factors, which aid a court in determining a reasonable fee. These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 243–44 (adopting the twelve factors articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

A party seeking a fee award "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which she seeks an award. *See id.* at 244 (citing *Plyer v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (citation omitted)). However, failing to provide affidavits from independent counsel is not fatal, for the court may rely on its own knowledge of the market in determining reasonable fees for that community. While Plaintiffs have not provided information regarding the local market rate, the Local Rules provide guidelines for determining an attorney's reasonably hourly rate in Maryland:

   a. Lawyers admitted to the bar for less than five (5) years: $150–225.
   b. Lawyers admitted to the bar for five (5) to eight (8) years: $165–300.
   c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225–350.
   d. Lawyers admitted to the bar for fifteen (15) years or more: $300–475.
   e. Paralegals and law clerks: $95–150.

Local Rules App. B, 3 (D. Md.). Plaintiffs' counsel, a partner at the law firm of O'Donoghue & O'Donoghue, filed a declaration to support his contention that Plaintiffs have incurred $795.50

in attorneys' fees. ECF No. 11-13. In the instant case, *Johnson* factors one and nine are most persuasive in evaluating Plaintiffs' request for attorneys' fees. Factor one looks at the time and effort Plaintiffs' attorney spent preparing the Motion. Factor nine asks us to evaluate the fees based on the experience of counsel because a more experienced attorney is expected to perform more efficiently. Plaintiff's counsel billed at an hourly rate of $310.00 and the paralegal billed at an hourly rate of $122.00. ECF No. 11-13, p. 2. Mr. Gilligan has been a member of the Bar of the United States District Court since 1986 and a partner at O'Donoghue & O'Donoghue since 1993. *Id.* at 1. The Local Rules advise that a reasonable hourly rate for an attorney admitted to the bar for fifteen or more years is $300.00 to $475.00. Local Rule App. B, 3(d). Mr. Gilligan's rate of $310.00 per hour falls in that reasonable range. Ms. Teresa Butler, the paralegal, graduated from college in 1983 with a degree in paralegal studies and has been employed by O'Donoghue & O'Donoghue as a paralegal since 1985. ECF No. 11-13, p. 1. The Local Rules advise that a reasonable hourly rate for a paralegal is somewhere between $95.00 and $150.00. *Id.* at 3(e). Ms. Butler's hourly rate of $122.00 also appears reasonable.

Plaintiffs' counsel provided a detailed itemization of legal fees and costs. ECF No. 11-14. The records show that Mr. Gilligan billed 0.50 hours and that the paralegal billed 5 hours in the case. These hours are reasonable considering the amount of labor required to initiate the case, take the necessary procedural steps in moving for default judgment, and prepare sufficient evidence in support of the damages requested. Moreover, the requested legal costs in the amount of $400.00 for filing and $350.00 for server fees are appropriate. Applying the lodestar method and the Local Rules to Plaintiffs' request, I recommend that the Court award Plaintiffs $750.00 in costs and $795.50 in attorneys' fees.

## IV.     Conclusion

Based on the foregoing, it is my recommendation that the Court DENY without prejudice Plaintiffs' Renewed Motion for Default Judgment Against Defendant. I recommend that Plaintiffs be given fourteen (14) days to correct the deficiency in their motion by providing the Court copies of the Collective Agreement and the Guidelines signed and dated by both parties. If the documents are provided, I recommend the Court grant Plaintiffs' motion and enter judgment against Defendant for the awards enumerated above in the total amount of $755,688.72.

March 31, 2017                                                                          /s/
                                                                        Charles B. Day
                                                                        United States Magistrate Judge

CBD/xl